IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EUGENE M. COSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0297-WS-N |
| | ) | |
| SAM'S EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant's Motion to Alter, Amend or Vacate (doc. 44). The Motion has been briefed and is ripe for disposition.

**I.     Background.**

Plaintiff, Eugene M. Costa, brought this action against defendant, Sam's East, Inc. ("Sam's"), alleging that he suffered severe leg injuries upon being struck by a falling television at a Sam's Club store in Baldwin County, Alabama on March 17, 2010.  In particular, Costa presented a single claim of negligence against Sam's, on the theory that his injury "was the proximate result of the negligence of an employee of [Sam's] who dislodged the television from the shelf, causing it to land on the leg of [Costa]." (Amended Complaint, ¶ 4.)  Costa alleged that the employee was "acting within the line and scope of his employment" with Sam's at the time of the accident.  (*Id.*, ¶ 5.)  This action was originally filed in state court; however, Sam's properly removed it to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441.[1]

---

[1]     The pleadings reflect that Costa and Sam's are citizens of diverse states for § 1332 purposes.  Moreover, the amount in controversy requirement is satisfied by the following evidence: (i) plaintiff made a pre-suit settlement demand of $245,000, in which he claimed actual, past medical expenses of $47,469.14, as well as episodes of acute renal failure and exacerbation of a pre-existing heart condition while receiving treatment for the "severe hematoma" he suffered as a result of the accident; (ii) in the Amended Complaint, Costa alleged that he had suffered "a severe and debilitating injury to his left leg, permanent disability, [and] (Continued)

On May 21, 2012, Judge Butler entered an Order (doc. 40) denying Sam's motion for summary judgment.  In so ruling, he explained that surveillance video footage of the incident would enable a jury to "reasonably conclude that [Chris] Middleton, a Sam's employee, created the hazardous condition" when he moved the television box to the edge of a shelf and caused it to tip over onto Costa's leg.  (Doc. 40, at 3.)  As for Sam's alternative argument that the danger was open and obvious, Judge Butler opined that a reasonable jury could find that that the risk that a television would fall from a shelf onto nearby customers was not open and obvious because "the danger existed only for a few seconds before Plaintiff was injured."  (*Id.* at 4.)  Following entry of the May 21 Order, this case was reassigned to the undersigned for all remaining pretrial and trial proceedings.

Approximately a week later, Sam's filed its Motion to Alter, Amend or Vacate the May 21 Order.  In that Motion, defendant maintains that the May 21 Order was erroneous in the following two respects: (i) it failed to identify the presence of any hazardous condition in the store; and (ii) it failed to recognize that the open and obvious nature of the hazard precluded defendant from owing any duty of care to Costa.

## II.   Analysis.

### A.   *Movant's Arguments Do Not Conform to the Applicable Legal Standard.*

As an initial matter, defendant's Motion eschews any discussion of the legal authority governing its request for vacatur of the May 21 Order, much less any recognition of the stringent

---

permanent disfigurement;" (iii) plaintiff testified more than a year and a half after the accident that, "I've got injuries you wouldn't believe.  And I'm suffering now: … my life has totally changed because of this" (doc. 29, Exh. A, at 87); and (iv) discovery responses from August 2011 include plaintiff's statement that as a result of the Sam's Club incident in March 2010, he was hospitalized for eight days, after which he "suffered a long recovery period and has not completely recovered," and that his "mobility has been significantly impaired" and "he is unable to stand for any significant period of time" (doc. 35, Exh. K, at #14).  These indicia, taken in the aggregate, are more than sufficient to demonstrate that the $75,000 amount-in-controversy threshold was satisfied at the time of removal and that federal jurisdiction properly lies here.  *See generally Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (recognizing that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements," and explaining that courts are free to rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" in that analysis, and that they "need not suspend reality or shelve common sense").

legal standard against which requests for reconsideration of a federal court's decision are measured.  Whatever the reasons for such omissions may be, the fact remains that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted).  In that regard, the Supreme Court has confirmed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law").  "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted).  Sam's has undertaken no effort to align its arguments for relief from the May 21 Order to any of these discrete categories.

By all appearances, the Motion to Alter, Amend or Vacate was filed as a kneejerk reaction to the May 21 Order based on plaintiff's disagreement with Judge Butler's reasoning and conclusions.  This is <u>not</u> a valid reason for filing such a motion.  *See, e.g., Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration … as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome.  This is improper."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong"); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) (motions to reconsider "do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted").  Inasmuch as defendant has not conformed its

arguments to the narrow parameters under which the extraordinary remedy of Rule 59(e) relief may be available, the Motion to Alter, Vacate or Set Aside is due to be summarily denied.

**B.      *Movant's Arguments Are Unpersuasive on the Merits.***

Setting aside this procedural shortcoming, defendant's arguments for overturning the denial of its summary judgment motion fare no better when considered on the merits.

First, Sam's insists that the May 21 Order should be vacated because it failed to identify any hazard or dangerous condition.  In a premises liability case, Alabama courts generally require evidence of a hazard and declare that an injury, by itself, is not proof of negligence.  *See, e.g., Dolgencorp, Inc. v. Hall*, 890 So.2d 98, 101 (Ala. 2003) ("No presumption of negligence arises from the mere fact of injury to the customer.").  But defendant fails to explain how a retail employee causing a 42-inch television set to topple from a shelf onto the floor does not qualify as a hazard or a dangerous condition.  Unquestionably, falling merchandise is a hazard that can support a finding of negligence under Alabama law.  *See generally Lowe's Home Centers, Inc. v. Laxson*, 655 So.2d 943, 946 (Ala. 1994) (concluding that jury question on negligence was presented where box of merchandise slipped out of store employee's hands, then fell and struck plaintiff's neck); *Norris v. Wal-Mart Stores, Inc.*, 628 So.2d 475, 478 (Ala. 1993) (holding that when a 10-pound box of toothpaste fell from upper shelf in store and struck customer's head, a jury question was presented with respect to whether store was liable on a negligence theory).  And a circumstance wherein a store employee drops, bumps, knocks or otherwise causes merchandise to fall onto a customer's body plainly raises a jury question on the issue of negligence.  *See, e.g., Laxson*, 655 So.2d at 946.[2]  After all, a plaintiff may prevail on a

---

[2]      *See also Davis v. Wal-Mart Stores, Inc.*, 967 F.2d 1563, 1568-69 (11th Cir. 1992) (affirming jury verdict that defendant retail store was liable in negligence where defendant's employee dropped portable swimming pool on customer, reasoning that "negligence of the defendant's employee not to tell the plaintiff to stand clear, and his failure to handle the box without mishap … caused the accident"); *Doubek v. Wal-Mart Stores, Inc.*, 804 So.2d 347, 348 (Fla.App. 4 Dist. 2001) (evidence supported negligence finding against retail store whose employee slipped and dropped a television on customer's head); *Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702 (Tex.App.-Dallas 1999) (finding jury question on retail store's negligence where cashier struck customer in the head while removing a case of soft drinks from the bottom of a shopping cart, reasoning that "the jury … could have decided that [employee] struck [plaintiff] because he failed to exercise ordinary care in transferring merchandise from one shopping cart to another").

negligence claim against a premises owner where he shows "that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees." *Dolgencorp.*, 890 So.2d at 101.  Here, the May 21 Order properly found that the record contains sufficient evidence from which a reasonable jury could find that Costa's leg injury was proximately caused by the negligence of a Sam's employee who nudged, bumped or positioned a large television at the edge of a shelf in such a precarious manner that it fell over and struck plaintiff.

Second, Sam's disagrees with the May 21 Order's treatment of the "open and obvious" issue as an affirmative defense, rather than as an element of duty.  According to Sam's, "[a] finding by the court that the alleged hazard was open and obvious eliminates any duty on the part of the premises owner to warn or eliminate the alleged hazard as a matter of law."  (Doc. 44, at 4.)  Sam's is missing the point of Judge Butler's ruling, which was that a reasonable jury could find from record evidence that the hazard was not open and obvious.  Was it open and obvious that a Sam's employee was about to tip over a large television set from its shelf and onto the floor below?  Was it open and obvious that if Costa stood near the shelf of televisions where the Sam's employee was working, he was at risk of being struck by a falling television set that the employee knocked off the shelf?  Based on the video evidence, a reasonable jury could answer both questions in the negative.[3]  More generally, defendant overlooks cases in which Alabama

---

[3]     A fair question which Sam's does not address is whether the "open and obvious" doctrine has any logical application to this case at all.  After all, as the case law cited by Sam's indicates, "[i]f that purported hazard was an open and obvious danger that reasonably should have been observed by [plaintiff], [defendant]'s common-law duty to warn [plaintiff] or to eliminate that hazard is negated as a matter of law."  *Jones Food Co. v. Shipman*, 981 So.2d 355, 362 (Ala. 2006).  This is not a duty to warn case.  It may not even be a hazardous condition case, either, as it may more properly be analyzed as a respondeat superior active negligence case (as plaintiff argues).  Again, the evidence in the light most favorable to plaintiff is that a Sam's employee actively tipped a television set over onto the plaintiff.  As such, this case appears distinguishable from the "foreign substance on the floor" type of cases that are the paradigmatic premises liability situation where an "open and obvious" defense might apply.  The parties should give careful consideration in the coming weeks to whether jury instructions in this case should be structured under a respondeat superior framework rather than a premises liability framework.  After all, the Amended Complaint is couched in the "line and scope of employment" language of respondeat superior rather than the "superior knowledge of a dangerous condition" language of premises liability, and the fact pattern seems more closely aligned with the former than the latter.  *See, e.g., Lawrence v. Christian Mission Center Inc. of Enterprise*, 780 F. Supp.2d 1209, 1218 (M.D. Ala. 2011) (under Alabama law, an employer will be held liable for an employee's torts if the employee's acts are within the line and scope of his (Continued)

courts have allowed negligence claims to go to trial based on employee-created hazards in a retail store, despite the presence of record evidence from which a jury might make an "open and obvious" finding.[4]

**III.   Conclusion.**

For all of the foregoing reasons, defendant's Motion to Alter, Amend or Vacate (doc. 44) is **denied**.  This action remains set for a Final Pretrial Conference before the undersigned on **July 3, 2012** at 9:30 a.m.


DONE and ORDERED this 26th day of June, 2012.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

employment); *Hulbert v. State Farm Mut. Auto. Ins. Co.*, 723 So.2d 22, 23 (Ala. 1998) ("To recover from a tortfeasor's employer on the theory of respondeat superior, the plaintiff must show by substantial evidence that the employee's act was within the scope of the employee's employment.").  At any rate, the record in the light most favorable to Costa reveals that the hazard involved here was no more open and obvious than the box the Lowe's employee dropped on the customer's neck in *Laxson*, or the portable swimming pool the Wal-Mart associate dropped on the plaintiff in *Davis*, or the television the Wal-Mart employee dropped on the plaintiff's head in *Doubek*.

[4]      *See Denmark v. Mercantile Stores Co.*, 844 So.2d 1189, 1194 (Ala. 2002) (defendant premises owner not entitled to summary judgment where plaintiff customer tripped over a roll of garment bags placed on the floor in a display area by defendant's employee); *Wal-Mart Stores, Inc. v. Rolin*, 813 So.2d 861, 864 (Ala. 2001) (no judgment as a matter of law for retail store where store employees created hazardous condition by constructing grill display over which plaintiff tripped).