**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EVA COSTA, as Personal Representative for the Estate of EUGENE M. COSTA, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0297-WS-N |
| | ) | |
| SAM'S EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on five Motions in Limine (docs. 66, 68, 71, 72, 74) filed by defendant, Sam's East, Inc. The Motions have been briefed and are now ripe.

**I.     Nature of the Case.**

On March 17, 2010, Eugene M. Costa returned a television set to the Sam's Club store from whence he had purchased it because he was dissatisfied with the picture quality. In Costa's presence, a Sam's employee named Chris Middleton set the television on a display rack and proceeded to hook it up, so that the problem (if any) could be identified. Costa stood nearby because he wanted to observe what Middleton was doing (*i.e.*, how Middleton was connecting the television). As Middleton worked, he apparently nudged a large boxed television set on the bottom shelf (just inches above floor level), causing it to tip over and fall. As fate would have it, the television landed on Costa's left leg. He suffered a hematoma on his leg,[1] which produced pain and discomfort and necessitated medical treatment. The leg injury was one of many medical problems afflicting Costa at that time, as he had also been diagnosed with (and was receiving treatment for) coronary artery disease, hypertension and kidney disease.

---

[1]     According to one of Costa's treating physicians, this hematoma was "just a collection of blood" that accumulated "in his leg space" after the accident, as a result of which his leg swelled to perhaps twice its normal size. (O'Dowd Dep., at 18, 35.) The hematoma was surgically removed shortly after the accident.

Costa died on March 29, 2012.  The cause of death was congestive heart failure.  Costa's widow, Eva Costa ("Ms. Costa"), in her capacity as personal representative of Costa's estate, was subsequently substituted as the named plaintiff herein, pursuant to Rule 25(a), Fed.R.Civ.P. Ms. Costa is pursuing a single claim of negligence against Sam's, on the theory that Costa's leg injury proximately resulted from Middleton's negligence in bumping the television and that Middleton (who is not a named defendant) was acting within the line and scope of his employment for Sam's.  This action is not now – and never has been – a wrongful death case, as plaintiff's sole cause of action is a common-law tort claim for personal injuries.

In anticipation of trial, Sam's has filed five motions in limine seeking to exclude particular categories of evidence from the trial proceedings.  Plaintiff opposes most (but not all) of these motions, which will be considered sequentially.

## II.    Analysis.

### A.    Motion to Exclude Evidence as to Causation of Mr. Costa's Death.

Defendant's first Motion seeks to prevent plaintiff from presenting evidence that Costa's death "was caused by, was the result of, or was [in] any way contributed to by Mr. Costa's incident at Sam's."  (Doc. 66, at 1.)  It appears that plaintiff intends to offer testimony by J. Michael O'Dowd, M.D., that in his opinion the accident at Sam's contributed to Costa's death.[2] Defendant maintains that such testimony is inadmissible.

Defendant's argument for excluding this evidence is straightforward, to-wit:  Plaintiff has not brought a wrongful death claim, so the causes or contributing factors for Costa's death are irrelevant.  Applicable law is clear "that in Alabama there is but one cause of action for wrongful

---

[2]        Dr. O'Dowd is a cardiologist who treated Costa's coronary artery disease for many years.  In his deposition, Dr. O'Dowd testified that "his basic problem over the many years was congestive heart failure," and that "eventually, he just died from heart failure."  (O'Dowd Dep., at 10, 12.)  This physician was emphatic that "his heart was his major problem for many many years."  (Id. at 20.)  In response to a direct question from plaintiff's counsel as to whether the Sam's accident contributed to Costa's death, Dr. O'Dowd stated, "My opinion is if that had not happened or assuming nothing else like that had happened, there's a reasonable chance that he would have lived longer and better than he did."  (Id. at 16-17.)  He elaborated that "it's likely that had [Costa] not had that injury and that setback, that he would not have deteriorated as quickly as he did."  (Id. at 30.)  In Dr. O'Dowd's words, "Now, he was going to deteriorate anyway.  But I think this knocked him down, and he deteriorated quicker."  (Id. at 39.) Ultimately, this Motion in Limine is about whether plaintiff may introduce these medical opinions into evidence.

death, *i.e.*, Code 1975, § 6-5-410." *Alabama Power Co. v. White*, 377 So.2d 930, 933 (Ala. 1979) (citations omitted); *see also Millers Mut. Ins. Ass'n v. Young*, 601 So.2d 962, 964 (Ala. 1992) (same).  Aside from that statute, Alabama courts emphasize that no remedy exists, inasmuch as "[t]here was no right to recover for death at common law." *Akins v. Drummond Co.*, 628 So.2d 591, 592 (Ala. 1993).  So any recovery for Costa's death must be funneled exclusively through the § 6-5-410 statutory mechanism.  Plaintiff chose not to bring that cause of action; therefore, she cannot recover from Sam's for Costa's demise.  Stated differently, because plaintiff has not brought a wrongful death claim, but instead couched her suit exclusively in common-law negligence principles, the medical causes or contributing factors for his death are irrelevant to the claim she did bring.  Costa's death simply is not a part of this lawsuit, because plaintiff brought no wrongful death claim and is barred as a matter of Alabama law from recovering for his death on her personal injury claim.

Confronted with this compelling reasoning, plaintiff says that "in order to fully understand the significant impact this injury had to his life, Plaintiff needs to let the jury know that it <u>contributed</u> to his eventual death."  (Doc. 80, at 2.)  However, that appears to be simply another way of saying that plaintiff wants the jury to award her damages for Costa's death. Again, such an award is impermissible under Alabama law because plaintiff has not availed herself of the one statutory cause of action for wrongful death.  Even if she had, compensatory damages for negligent conduct proximately causing death are not available to plaintiffs under that one cause of action for wrongful death.  *See, e.g., City of Tarrant v. Jefferson*, 682 So.2d 29, 30 (Ala. 1996) ("compensatory damages are not available under Alabama's Wrongful Death Act, which allows an award of punitive damages only") (citation omitted); *King v. National Spa and Pool Institute, Inc.*, 607 So.2d 1241, 1247 (Ala. 1992) ("A wrongful death claim does not provide compensation for injuries that cause death."); *Roberts v. State*, 863 So.2d 1149, 1158 (Ala.Crim.App. 2002) ("In Alabama, damages awarded in a civil wrongful-death action do not compensate."); Jenelle Mims Marsh, *Alabama Law of Damages* § 37:9 (6th ed.) (in a death case, "[n]o recovery is available for pecuniary loss, loss of services, mental suffering of the decedent's beneficiaries, physical pain and suffering of the decedent, or mental suffering of the decedent").

To be sure, the Alabama Supreme Court has held that, where a plaintiff is deceased, the plaintiff's estate can bring a personal injury cause of action (independently of a statutory wrongful death claim) "for compensatory damages to compensate for expenses and losses

incurred up to the moment of death." *King*, 607 So.2d at 1248 (elaborating that in such a claim, the plaintiff may recover "[l]osses and expenses and other compensable items recognized in a personal injury action, such as medical expenses, lost wages, and pain and suffering" up to the moment of death). So Ms. Costa can sustain her personal injury claim for "compensatory damages to compensate for expenses and losses incurred up to the moment of death." But she cannot obtain compensatory damages for the death itself by arguing to the jury that the Sam's accident caused or contributed to it.[3]

Plaintiff implies that she is not asking for compensatory damages for Costa's death (which would be impermissible for the reasons stated), but that she simply wishes to introduce evidence of causation to demonstrate "the significant impact this injury had to his life." (Doc. 80, at 2.) But presenting medical evidence of how Costa died would convey nothing about "the significant impact this injury had to his life." Instead, it would effectively invite the jury to award damages for Costa's death, which (again) is improper under Alabama law. If plaintiff wishes to show the jury the significant impact the Sam's accident injury had to Costa's life, she has abundant evidentiary avenues at her disposal. Indeed, plaintiff may put on evidence of Costa's deteriorating physical condition, pain and suffering, and so on (provided that she shows a causal connection between those circumstances and his injury at Sam's) from the moment of the accident until the moment of his death. But she cannot go further.

In short, because compensatory damages are unavailable for wrongful death in Alabama and because damages for plaintiff's personal injury claim necessarily terminate at the moment of death, whether the leg injury that Costa suffered at Sam's Club caused or contributed to his death is not relevant to any triable issue, and is therefore inadmissible under Rule 401, Fed.R.Evid. Alternatively, even if this evidence had some perceptible relevance in reflecting on the injury's impact on Costa's life, the Court deems this evidence inadmissible under Rule 403 because its minimal probative value is substantially outweighed by a danger of unfair prejudice (*i.e.*, an

---

[3]    To hold otherwise would be to allow plaintiffs to circumvent the "punitive damages only" structure of § 6-5-410 by bringing a separate common-law claim to recover the compensatory damages incurred by the estate as a result of the plaintiff's death. Alabama law does not countenance such an approach. *See Alabama Pattern Jury Instructions Civil* § 11.48 (2nd ed.) (where plaintiff brings personal injury claim and wrongful death claim, compensatory damages may only be awarded for the period from the time the decedent was harmed to the time of his or her death).

inference that "Sam's killed Costa" even though this is not a death case), confusion of the issues (*i.e.*, whether this case is one for wrongful death or personal injury), or misleading the jury (*i.e.*, to award prohibited damages for Costa's death, as opposed to permissible damages for personal injuries preceding death).[4]  Defendant's Motion in Limine to Exclude Evidence or Testimony that Mr. Costa's Death was Caused by or was the Result of the Subject Incident (doc. 66) is **granted**.  Plaintiff may not present evidence or argument at trial that Costa's leg injury caused or was a contributing factor in his death.

> **B.      *Motion to Exclude Evidence of Certain Medical Expenses.***

Defendant's second Motion in Limine requests that plaintiff be prohibited from presenting evidence or argument of medical expenses in excess of the $7,857.83 Medicare lien. Through this Motion, Sam's seeks to prevent Ms. Costa from submitting to the jury the total amount of Costa's medical bills (in the neighborhood of $50,000), which would include substantial amounts paid by third-party payors with no subrogation interest, or written down by law or contractual relationships between the payors and the providers.  Simply put, Sam's position is that plaintiff can recover only medical expenses that Costa paid himself, or that he (or his estate) may become obligated to reimburse pursuant to a third party's subrogation interest.  If Costa (or his estate) is not "on the hook" for those medical expenses, then Sam's position is that plaintiff cannot recover them.

Defendant's argument is anchored in more than a century of Alabama law.  Back in 1911, the Alabama Supreme Court recognized the rule that "no matter how reasonable an amount might be, as compensation for services, yet, unless plaintiff paid or became liable therefor, he could not recover that item." *Birmingham Ry., Light & Power Co. v. Humphries*, 55 So. 307, 308 (Ala. 1911); *see also Central of Georgia Ry. Co. v. McNab*, 43 So. 222, 224 (Ala. 1907) (where plaintiff sought to recover reasonable value of services and medicine provided by treating physician in personal injury case, "to authorize recovery under the averments of the complaint it

---

[4]      In that regard, even plaintiff appears unclear as to how the jury could consider this evidence.  Specifically, plaintiff suggests that any prejudice or confusion "could be easily cured by an explanatory jury charge that this is not a wrongful death case, and punitive damages are not a proper award." (Doc. 80, at 2.)  Not only are punitive damages for Costa's death not permissible in this case, but also compensatory damages for his death are forbidden.  Insofar as plaintiff seeks to present this evidence for the purpose of asking the jury to award compensatory damages for Costa's death, such damages are unavailable as a matter of Alabama law.

would be necessary that such reasonable sums were expended"); *Bates v. General Steel Tank Co.*, 55 So.2d 213, 216 (Ala. App. 1951) ("For while it is true that the defendant is not liable for any more than the reasonable value of the damages claimed, yet neither is he liable for any more than has actually been paid.  So it is necessary to prove both ….").  Alabama courts have continued to embrace these principles in modern times.  Indeed, the general rule in Alabama continues to be that "damages are unrecoverable where the plaintiff has not paid or is not liable for such items." *Jones v. Crawford*, 361 So.2d 518, 521 (Ala. 1978).  And the Alabama Supreme Court has deemed a "correct statement of the law" a jury instruction stating "that damages for medical expenses are to be allowed only for doctor's and medical bills which the plaintiff has paid or has become obligated to pay." *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Smelley*, 329 So.2d 544, 546 (Ala. 1976); *see also Shelley v. White*, 711 F. Supp.2d 1295, 1297-98 (M.D. Ala. 2010) (citing "Alabama rule that medical expense damages are to be allowed only for doctor's and medical bills which the plaintiff has paid or has become obligated to pay") (citations and internal quotation marks omitted); *Portis v. Wal-Mart Stores East, L.P.*, 2008 WL 2959879, *8 (S.D. Ala. July 30, 2008) (similar); Marsh, *Alabama Law of Damages* § 36:3 ("The plaintiff is not required to prove that he actually paid the claimed medical expenses but only that he was liable for payment of them.").

Plaintiff opposes this Motion in Limine for the stated reason that "Plaintiff is aware of this Court's previous *Portis* ruling on the prejudicial effect of submitting evidence of the total amount of Plaintiff's medical bills, and respectfully takes issue with same."  (Doc. 80, at 3.) Such a conclusory remark, devoid of citations or analysis, is unhelpful.  As this objection is presently framed, the Court cannot discern what, exactly, plaintiff "takes issue with" or what the legal or logical basis might be for such disagreement.  Plaintiff says that she "should be allowed to place the total amount of medical bills in evidence" (*id.*), but she does not articulate any legal theory under which that evidence might be admissible under the Federal Rules of Evidence, given the clear Alabama constraints on recoverable medical damages as set forth above.  Federal courts cannot develop arguments for litigants that they have not fairly presented themselves, and this Court will not speculate as to unspoken grounds for a litigant's raw conclusion.  *See, e.g., Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); *Minemyer v. B-Roc Representatives, Inc.*, 695 F. Supp.2d 797, 809 (N.D. Ill. 2009) ("[T]his is an adversarial system.

It is not a court's task to research legal arguments on a party's behalf …."); *Polk v. Sears, Roebuck, and Co.*, 2012 WL 1640708, *3 (S.D. Ala. May 8, 2012) ("It is well-established that courts cannot make a party's arguments for it or 'fill in the blanks' on that party's behalf.").

As a matter of black-letter Alabama law, plaintiff can recover medical expense damages only for amounts that plaintiff either has paid or is obligated to pay.  To the extent that plaintiff seeks to present evidence of medical expenses that Costa (or his estate) either did not pay or is not obligated to pay, such evidence is not relevant to any triable issue, and is substantially likely to cause unfair prejudice or unnecessary confusion.[5]  The Motion in Limine to Exclude Certain Medical Expense Damages (doc. 68) is **granted**.

###### C.  *Motion to Exclude Miscellaneous Evidence.*

Defendant's third Motion in Limine (doc. 71) is of the "catch-all" variety, listing three unrelated issues as to which Sam's seeks to exclude evidence or argument.  Two of these matters (wealth or poverty of the parties, damages or injuries to Ms. Costa) are non-issues, because plaintiff has no objection.  No motion in limine is necessary to preclude a litigant from introducing evidence or argument that she does not intend to present; therefore, the Motion is **moot** as to those items.

The other prong of this Motion concerns defendant's request that plaintiff be barred from presenting "any evidence or testimony regarding the existence of a Blue Cross Blue Shield lien or any obligation on the part of Plaintiff to reimburse Blue Cross Blue Shield for payment of medical expenses."  (Doc. 71, at 1.)  Defendant's stated basis for this request is that, at present, there is no evidence (much less competent evidence) of any such Blue Cross/Blue Shield ("BCBS") lien.  In response, plaintiff indicates that she is attempting (and has diligently

---

[5]      This ruling is worded as it is for a reason.  Defendant seeks to cap plaintiff's medical expense damages at the $7,857.83 figure set forth in the Medicare lien.  As plaintiff points out, however, she is attempting to obtain an updated subrogation letter from Medicare and a subrogation letter from Blue Cross/Blue Shield.  If she does so, if she promptly presents such documentation to defense counsel, if such document production is timely under the Federal Rules of Civil Procedure and previous orders entered in this case, and if defendant is not unfairly prejudiced thereby, plaintiff may present evidence at trial of the updated, full amount(s) of such liens, insofar as those figures represent medical bills that Costa (or his estate) has paid or has become obligated to pay.  Thus, this Order neither caps plaintiff's recoverable medical expenses at $7,857.83 nor forecloses Ms. Costa from presenting updated or additional lien or subrogation evidence at trial, subject to any objections Sam's may articulate at that time.

endeavored for some time) to obtain the requisite subrogation letter from BCBS, that she expects to obtain same in short order, and that she will move to amend her exhibit list promptly upon receipt of the letter.

Everyone agrees that, as of this moment, plaintiff has no competent evidence of a BCBS lien.  Without such evidence, she cannot argue to the jury that such a lien exists or seek recovery of the medical expenses encompassed by same.  Accordingly, the Motion in Limine is **granted** as to that issue provided, however, that nothing herein bars plaintiff from presenting newly obtained, previously unavailable evidence of such a BCBS lien if (a) such evidence is competent and otherwise admissible under the Federal Rules of Evidence, (b) it is timely produced to opposing counsel, (c) defendant would not be unfairly prejudiced by the admission of same, and (d) plaintiff has otherwise complied with the Federal Rules of Civil Procedure and previous orders entered in this matter.  Obviously, it would be premature to address those considerations at this time, given that the requisite subrogation letter apparently does not exist.

### D. *Motion to Exclude Evidence of Unrelated Medical Treatment.*

Defendant's fourth Motion in Limine (doc. 72) seeks to exclude or limit evidence of Costa's medical treatment or injuries that were unrelated to the Sam's accident.  The impetus for this Motion is correspondence from plaintiff's counsel reflecting that Ms. Costa seeks the sum of $50,046.54 for "[t]otal medical bills associated with the leg injury and the resulting damage to plaintiff's overall health."  (Doc. 73, Exh. A.)  Defendant balks that the term "overall health" is unilluminating and that plaintiff has never shown what the $50,046.54 in medical bills represents, to what conditions or treatments those bills relate, or how such underlying conditions or treatments relate to the Sam's accident that is the only subject of this litigation (as opposed to Costa's other background medical conditions).

Plaintiff's response to this Motion in Limine is meager on specifics.  At most, Ms. Costa states that she intends to "inform the jury that Mr. Costa's overall health and quality of life were severely affected by the accident at Sam's, that he became deconditioned as a result of the leg injury, and that his medical condition deteriorated from that point until the time of his death." (Doc. 80, at 4.)  But she does not indicate what the subject medical bills represent, whether she intends to present all or some of those medical bills to the jury, or what her evidence of causation or relatedness may be.

Of course, a plaintiff in any negligence case must prove her damages.  *See, e.g., Davis v. Hanson Aggregates Southeast, Inc.*, 952 So.2d 330, 335 (Ala. 2006) ("Damages are an essential element of the tort of negligence."); *Ex parte Stonebrook Development, L.L.C.*, 854 So.2d 584, 589 (Ala. 2003) ("[P]roof of damage [is] an essential part of the plaintiff's case.") (citations omitted).  And it is likewise a plaintiff's burden to prove causation between the alleged negligent conduct and the injury for which recovery is sought.  *See, e.g., Wassman v. Mobile County Communications Dist.*, 665 So.2d 941, 945 (Ala. 1995) ("An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered.") (citation omitted); *Bell v. Colony Apartments Co.*, 568 So.2d 805, 807 (Ala. 1990) (in any negligence action, "[a] plaintiff must establish the existence of a nexus between the action of the defendant and the subsequent injury or damage sustained by the plaintiff").  It is not enough for plaintiff to show that Costa was injured at Sam's and that he later incurred medical bills and treatment for various conditions.  There must be a nexus between the two.  In that regard, vague, conclusory statements about Costa experiencing "deconditioning" or "deterioration" after the injury do not open the floodgates for plaintiff to put on evidence of every medical bill or treatment that Costa ever incurred for any condition or medical problem thereafter, regardless of whether it was medically linked to the injuries he sustained at Sam's Club.[6]  Rather, there must be a specific foundational showing of relatedness before such evidence is relevant and admissible for the claims at issue herein.

---

[6]        To illustrate the point, suppose Plaintiff X slipped and fell in a grocery store, and fractured his ankle.  Suppose further that in the ensuing months, Plaintiff X received treatment for diabetes and high cholesterol, both conditions that predated the accident.  And suppose that six months later, Plaintiff X was diagnosed with and began receiving treatment for prostate cancer.  The post-accident medical treatment for the diabetes, cholesterol, and cancer would not be compensable in the lawsuit against the grocery store absent specific medical evidence showing a causal relationship between the action of the grocery store (*i.e.*, maintaining an unreasonably dangerous premises where Plaintiff X slipped and fell) and the injuries for which Plaintiff X received post-accident medical treatment.  Could the slip and fall have caused or necessitated those treatments?  Perhaps.  But Plaintiff X is not permitted simply to assume such causation into existence merely by pointing to the temporal sequence of events or general pronouncements that he became "deconditioned" after the accident.  The same is true here.

By not identifying specifically what evidence she intends to present and how she intends to present it, plaintiff hampers use of the motion in limine process to resolve this evidentiary issue at this time.  The Court cannot say definitively whether the evidence will or will not be admissible because the record does not reflect what that evidence is, or how plaintiff intends to establish causation.  For now, however, the Motion in Limine to Exclude Testimony and Evidence of Unrelated Medical Treatment (doc. 72) is **granted in part**, to set forth the following governing principle:  Plaintiff is forbidden under Rules 401 and 403 from presenting evidence of medical bills or treatments as to which she fails to make a specific showing of causation (*i.e.*, that such bills and treatments were related to, and the need for such treatments was proximately caused by, the Sam's accident).  Because of the undeveloped state of the record, application of this ruling to particular evidentiary contexts must await trial.[7]

### E. Motion to Exclude Expert Testimony by Lay Witnesses.

Defendant's fifth and final Motion in Limine (doc. 74) seeks to preclude plaintiff from presenting lay witness testimony concerning "industry standards, guidelines, or regulations … for stocking, stacking or displaying merchandise" or any testimony from Ms. Costa concerning medical causation.  Plaintiff counters that, while she has no intention of offering opinions about industry standards for displaying merchandise, Ms. Costa may properly testify about whether she thought Sam's employees were acting safely at the time of the accident (as to which she was an eyewitness) and how Costa's quality of life changed after the accident (which she observed firsthand).

As the parties recognize, this Motion calls for a straightforward application of Rule 701 of the Federal Rules of Evidence.[8]  That rule provides that a lay witness may testify in the form

---

[7]       Of course, to the extent that plaintiff shows causation for such medical bills to be admissible into evidence, they will also be subject to the limitation described *supra*, that plaintiff may only recover damages for medical bills that Costa or his estate have paid or have become obligated to pay.  The correspondence from plaintiff's counsel on which this Motion in Limine is predicated suggests that of the $50,046.54 in total medical bills, Costa paid only $31 out of pocket and his estate owes less than $17,000 to Medicare or BCBS pursuant to their subrogation rights.  So the vast majority of those medical bills would be inadmissible anyway because they do not constitute expenses that plaintiff either did pay or has become obligated to pay.

[8]       Plaintiff's brief cites to the counterpart to this rule in the Alabama Rules of Evidence; however, it is well-settled that the Federal Rules of Evidence, not state law, govern evidentiary issues in diversity actions tried in federal court.  *See, e.g., Peat, Inc. v. Vanguard* (Continued)

of an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Rule 701, Fed.R.Evid. Many opinions that Ms. Costa may have concerning what happened on the day of Costa's accident, and what his quality of life was like thereafter, may be admissible under Rule 701. Many others may not be. Without knowing exactly what opinion testimony Ms. Costa intends to offer, the Court cannot evaluate whether the foundational requirements of Rule 701 are satisfied or whether such evidence would be admissible. Accordingly, defendant's Motion in Limine to Exclude Expert Testimony by Lay Witnesses (doc. 75) is **denied**. Such testimony will be considered on an individualized, case-by-case basis at trial, upon appropriate and timely objection by defendant.

III.   **Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1.   Defendant's Motion in Limine to Exclude Evidence or Testimony that Mr. Costa's Death was Caused by or was the Result of the Subject Incident (doc. 66) is **granted**. Plaintiff may not present evidence or argument at trial that Costa's leg injury caused or was a contributing factor in his death;

2.   The Motion in Limine to Exclude Certain Medical Expense Damages (doc. 68) is **granted**. To the extent that plaintiff seeks to present evidence of medical expenses that Costa (or his estate) either did not pay or is not obligated to pay, such evidence is inadmissible.

3.   Defendant's catch-all Motion in Limine (doc. 71) is **moot** as to the issues of parties' wealth/poverty and Ms. Costa's injuries or damages, because plaintiff has disavowed any intention of presenting such evidence at trial. The Motion is **granted** as to the purported Blue Cross / Blue Shield lien because no evidence of

_____

*Research, Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004) ("[a]lthough Alabama law controlled the substantive issues in this diversity action, the admissibility of evidence in federal courts is governed by federal law") (citation and internal quotation marks omitted); *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 558 n.10 (11th Cir. 1998) ("it is well settled that the Federal Rules of Evidence, not state evidence law, govern the admissibility of evidence in cases in federal court").

such a lien exists at this time provided, however, that the Court will revisit the issue at trial upon appropriate, timely request by plaintiff if the conditions specified herein are satisfied;

4.    The Motion in Limine to Exclude Testimony and Evidence of Unrelated Medical Treatment (doc. 72) is **granted in part**, as follows:  Plaintiff is forbidden under Rules 401 and 403 from presenting evidence of medical bills or treatments as to which she fails to make a specific showing of causation (*i.e.*, that such bills and treatments were related to, and proximately caused by, the Sam's accident).

5.    Defendant's Motion in Limine to Exclude Expert Testimony by Lay Witnesses (doc. 75) is **denied** because the Court cannot discern from the parties' filings that the lay opinions contemplated by plaintiff deviate from the specific requirements of Rule 701.  Any objections by defendant to such opinion testimony shall be considered on a case-by-case basis at trial.

DONE and ORDERED this 6th day of August, 2012.

s/ WILLIAM H. STEELE                                    
CHIEF UNITED STATES DISTRICT JUDGE