IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVA COSTA, as Personal Representative for the Estate of EUGENE M. COSTA, deceased,    )<br>)<br>)<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>SAM'S EAST, INC.,    )<br>)<br>    Defendant.    )  | CIVIL ACTION 11-0297-WS-N |

**ORDER**

      This matter comes before the Court on Plaintiff's Deposition Testimony Designations (doc. 70) and defendant's Objections (doc. 77) to same.

      In the parties' Joint Pretrial Document (doc. 57), plaintiff indicated that she intended to present testimony from the depositions of Eugene M. Costa and Dr. Michael O'Dowd at trial. As directed during the Final Pretrial Conference, plaintiff has now designated the particular excerpts from the Costa and Dr. O'Dowd depositions that she intends to present to the jury. Defendant has filed written objections to certain of those designated excerpts.[1]  In the interest of streamlining the proceedings at trial and giving the parties the benefit of these evidentiary rulings well ahead of time to facilitate their trial preparations, the Court now addresses and resolves those objections.

      With regard to Costa's deposition, the objections and rulings on same are as follows:

    1.    <u>Page 37, lines 16 to 18</u>:  **Sustained**.  The cited excerpt is an unprompted utterance by the witness that is not responsive to any question posed by counsel.

---

[1] Defendant also submitted several rebuttal designations from both the Costa and Dr. O'Dowd depositions that it intends to present to the jury at trial.  Plaintiff has not filed objections to those designations; therefore, the Court assumes that plaintiff does not object to defendant offering that testimony at trial.

2. <u>Page 39, line 21 to page 43, line 1</u>:  **Sustained** only as to page 39, line 21 through page 40, line 8.  **Overruled** as to all other respects.  The cited excerpt sets forth Costa's impressions of the exhibits, and documents the circumstances under which he was shown them, as well as caveats to his testimony (such as his comments that he had never seen these exhibits before and he felt they were incomplete) and defense counsel's willingness to allow Costa as much time as he needed to familiarize himself with the exhibits.

As for Dr. O'Dowd's deposition, the objections and rulings on same are as follows:

1. <u>Page 7, lines 22 to 23</u>:  **Overruled**.  This is an accurate statement of plaintiff's counsel's representation, and is neither misleading nor prejudicial to the defense.  The jury will be instructed that Ms. Costa is participating in this case solely as personal representative for Costa's estate, and this excerpt is not reasonably likely to confuse the jury on that point.

2. <u>Page 12, line 6 through page 14, line 23</u>:  Objections that the questions call for a narrative answer and that the witness answered in narrative fashion are objections to form which could have been but were not raised during the deposition.  Those objections have been waived, and are therefore **overruled**.  Objection as to unresponsiveness is **overruled**, because the witness was explaining his treatment of Costa.  Defendant's other objections are **overruled**.  The witness offered no opinions that the Sam's accident caused or was a contributing factor in Costa's death in this excerpt.  Instead, he testified as to Costa's health condition following the accident but before his death, and opined that he died of heart failure.

3. <u>Page 14, line 24 through page 15, line 13</u>:  **Overruled**.  This testimony is relevant, is not confusing, and is not unfairly prejudicial.  If defendant had wanted the witness to elaborate on "ups and downs" of Costa's medical conditions during the last 15 years of his life, he could have elicited that testimony during the deposition.  This testimony does not relate to causes of death, but instead the quality of Costa's life and health following the accident.

4. <u>Page 15, line 14 through page 17, line 2</u>:  **Sustained**, for the reasons stated on pages 2 through 5 of the Court's Order (doc. 85) entered on August 6, 2012.

5.   Page 20, lines 1 through 20:  **Sustained** as to lines 1 through 5, because the witness was being asked whether Costa felt that he was Costa's main doctor. **Sustained** as to lines 8 and 9, specifically the phrase "because whatever was happening to him could affect his heart condition," inasmuch as the witness could not have personal knowledge of Costa's mental processes in this regard. **Overruled** as to the remainder of lines 6 through 20, because the witness can properly testify about Costa's practice of coming to see him frequently for treatment.

6.   Page 23, line 17 through page 24, line 7:  **Sustained** as to leading.  Defense counsel properly interjected an objection to form at the time, but plaintiff's counsel elected not to rephrase the question.

7.   Page 26, line 15 through page 35, line 5:  **Sustained** as to page 27, line 23 through page 28, line 3, and page 28, lines 10 through 14 (beginning "And so you can say") because the witness was testifying concerning whether the Sam's accident accelerated death.  **Sustained** as to page 28, line 15 through page 29, line 20, because plaintiff's counsel was not asking a question but was essentially testifying about causal relationships.  **Sustained** as to page 30, line 12 through page 31, line 4 because the witness's answer was not responsive and was framed in terms of what he "hoped" instead of what he knew or what his expert opinion was.  **Sustained** as to page 32, lines 3 through 9 for not being questions and answers, but a series of statements by counsel and the witness.  In all other respects, **overruled**.

8.   Page 35, line 21 through page 36, line 25:  **Sustained** as to the portion of page 36 line 6 where the witness testified, "And so the surgeon thought it was appropriate."  In all other respects, **overruled**.

9.   Page 37, lines 1 through 23:  **Sustained** as to the portion of page 37, lines 2 through 8, beginning with "as I've gone over the records" and ending with "asked you this yet or not."  **Sustained** as to the phrase "which led to the decline in his health" on page 37, lines 17 and 18.  **Sustained** as to the sentence "I could give an explanation that explains how I think about this" on page 37, lines 21 through 23,

because the explanation itself has not been designated. **Overruled** in all other respects.

10. Page 55, line 5 through page 56, line 1: **Overruled**. This is proper testimony, appropriately confined to the witness's "impression" of Costa based on his interaction with him in a medical office setting.

The parties are **ordered** to take appropriate measures in editing and presenting these witnesses' deposition testimony to comport with the foregoing evidentiary rulings. This includes, without limitation, making appropriate edits to any video of these depositions so that only the admissible, designated portions of the deposition are presented. The parties are to avoid wasting time via unnecessary fast-forwarding over excluded portions, but are instead expected to bring edited video exhibits for trial that show only the designated, admissible excerpts they wish to present to the jury.

DONE and ORDERED this 8th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE