IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVA COSTA, as Personal Representative for the Estate of EUGENE M. COSTA, deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>SAM'S EAST, INC., )<br><br>Defendant. ) | CIVIL ACTION 11-0297-WS-N |

**ORDER**

This matter comes before the Court on the parties' trial briefs concerning whether plaintiff's claims are governed by Alabama standards of premises liability, or by those of traditional negligence. This issue has been briefed and is now ripe for pretrial disposition to guide the parties in their trial preparation efforts.

**I.   Nature of the Case.**

On March 17, 2010, Eugene M. Costa returned a television set to the Sam's Club store from whence he had purchased it because he was dissatisfied with the picture quality. In Costa's presence, a Sam's employee named Chris Middleton placed the television on a display rack and proceeded to hook it up, so that the problem (if any) could be identified. Costa stood nearby, to observe what Middleton was doing. As Middleton worked, he apparently nudged a large boxed television set on the bottom shelf (just inches above the floor level), causing it to tip over and fall onto Costa's leg.

Costa subsequently sued Sam's in negligence, seeking to recover compensatory damages for personal injuries sustained in the accident. Plaintiff's claim is not that Sam's maintained its premises in an unreasonably dangerous manner or that it failed to warn him of hidden hazards of which it had superior knowledge; rather, that claim is couched in terms of ordinary negligence and respondeat superior. In a nutshell, plaintiff's position is that Sam's is liable for the negligent

act of Middleton (its employee acting within the line and scope of his employment) in knocking over the television set and injuring Costa.

Notwithstanding plaintiff's consistent reliance on ordinary negligence principles as the theory of liability, defendant has steadfastly insisted that the law of premises liability governs this action.  This long-festering disagreement came to a head in the Joint Pretrial Document, wherein the parties wrote as follows: "Defendant asserts that the element of duty should include proof [of] the existence of a hazardous or dangerous condition and that the hazardous or dangerous condition is not open and obvious.  Plaintiff disagrees." (Doc. 57, at 2.)  At the Court's directive, the parties subsequently submitted trial briefs focused on this narrow issue, to-wit: whether plaintiff's claims are properly analyzed under the law of premises liability (as Sam's contends) or under traditional negligence principles (as plaintiff argues).

**II.     Analysis.**

As a matter of well-settled Alabama law, "[t]he duty owed by the invitor to an invitee is to exercise ordinary and reasonable care to keep the premises in a reasonably safe condition." *Jones Food Co. v. Shipman*, 981 So.2d 355, 361 (Ala. 2006).  "The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. … The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries."  *Id.* at 362 (citations omitted).  By virtue of this premises liability doctrine, "landowners have enjoyed isolation from traditional negligence standards relative to their ownership or possession of land." *Baldwin v. Gartman*, 604 So.2d 347, 348-49 (Ala. 1992) (citation omitted).

According to Sam's, these principles mean that it cannot be liable for the accident that injured Costa unless plaintiff proves that that there was a hidden defect at the store on the day in question (*i.e.*, a hazardous or dangerous condition that was not open and obvious).  Plaintiff's position, however, is that premises liability concepts have no application here.  In plaintiff's view, Sam's may be held liable in respondeat superior for the allegedly negligent act of its employee (Middleton), acting within the line and scope of his employment for Sam's, in knocking the television over and injuring Costa, irrespective of whether there were hidden dangers in the store.  After careful review of the parties' arguments and applicable Alabama law, the Court concludes that plaintiff has the better argument.

For more than two decades, the Alabama Supreme Court has distinguished between a landowner's duty owed to a plaintiff for injuries caused by the condition of the premises, and that owed for injuries caused by the landowner's affirmative conduct. In *Orr by and through Orr v. Turney*, 535 So.2d 150 (Ala. 1988), the court explained that it "remained firmly committed to the principle that when a landowner is sued for an injury resulting from a natural or artificial *condition of the land*, the status of the injured party determines the duty owed." *Id.* at 151. While reaffirming that notion, the *Orr* court hastened to add that "[t]his special classification privilege is not generally regarded as applicable, however, when it is the affirmative conduct of the landowner, rather than the condition of his premises, that causes the injury." *Id.* at 152. Thus, "[w]here the injury is caused by some distinct act of the landowner, rather than by the mere condition of the premises, a different standard for determining liability may arise." *Id.* Four years later, the Alabama Supreme Court expressly declared "that negligence principles are applicable when the landowner's active conduct, rather than the condition of the land, causes the injury." *Baldwin*, 604 So.2d at 348.

The Alabama Supreme Court again acknowledged this distinction in *Lilya v. Greater Gulf State Fair, Inc.*, 855 So.2d 1049 (Ala. 2003). In *Lilya*, the plaintiff was an invitee on the premises of the Gulf State Fair in Mobile County, Alabama, who sustained injuries on a mechanical bull ride. The plaintiff maintained that the Gulf State Fair's duty owed to him should be defined by general principles of negligence; however, Gulf State Fair argued that premises liability notions governed. In resolving this dispute, the Alabama Supreme Court wrote, "The key to this question is whether the injury was caused by some affirmative conduct of the landowner or by a condition of the premises." 855 So.2d at 1053. What *Lilya* teaches, then, is that even in the context of an invitor/invitee relationship, the determination of whether to apply traditional negligence principles or premises liability principles turns on whether the injury was caused by the landowner's affirmative conduct or by a condition of the premises.[1]

---

[1] This insight may be critically important, but it is hardly surprising. After all, Alabama courts had long opined that, where an injury is caused by a landowner's affirmative conduct rather than the condition of his premises, "the justifications for determining liability based upon the classification of the injured party … do not attach." *Orr*, 535 So.2d at 152. In other words, from a strictly doctrinal standpoint, it would make no sense to assess liability based on a plaintiff's invitee/licensee/trespasser status where the landowner's affirmative conduct, rather than some condition of the premises, caused the injury.

Following *Lilya*, courts applying Alabama law and confronting the question of whether a landowner's duty is rooted in general negligence or premises liability have consistently looked not to the plaintiff's invitee/licensee/trespasser status, but to whether the complained-of injury was caused by the defendant's affirmative conduct or by a dangerous condition on the premises. *See Powell v. Piggly Wiggly Alabama Distributing Co.*, 60 So.3d 921, 924 (Ala.Civ.App. 2010) ("Powell asserts that general negligence principles, rather than those applicable to premises liability … are applicable in this case because, he says, the negligence count asserted in his complaint was based on Tubbs's active conduct as an employee of Piggly Wiggly rather than on a condition of the land."); *Shelley v. White*, 782 F. Supp.2d 1295, 1296 (M.D. Ala. 2010) ("When the affirmative conduct of the landowner causes the injury, traditional negligence principles apply."). And where the injury on a defendant's property was caused by acts of the defendant or its employees, courts applying Alabama law have found that the defendant's duty is grounded in traditional negligence principles, not premises liability, without regard for the plaintiff's status. *See Powell*, 60 So.3d at 925-26 ("In this case, it was the alleged negligent actions of Tubbs in operating the forklift that ultimately caused Powell's injury, rather than any dangerous condition existing within the warehouse. … We conclude, therefore, that … Piggly Wiggly's duty comes from traditional negligence principles, rather than principles of premises liability."); *Shelley*, 782 F. Supp.2d at 1296 ("There is no question that the injury in this case was caused by the operator's movement of the truck and trailer, not by a condition of the truck or trailer itself. Therefore, applying the analysis set out by the Alabama Supreme Court, the duty to Shelley comes from traditional principles of negligence, and not premises liability, so his status at the time of the incident is not determinative.").

In sum, Alabama courts decide whether the appropriate framework for analyzing duty is traditional negligence or premises liability by reference to whether the injury was caused by the landowner's affirmative conduct or by a condition of the premises.[2] Here, Costa attributes his

---

[2] Defendant's argument to the contrary focuses on Costa's status as an invitee of Sam's. According to defendant, "the Supreme Court of Alabama has never applied the 'active negligence' theory to cases involving invitees and has limited its application to cases involving licensees." (Doc. 65, at 5.) But defendant is barking up the wrong tree. As noted, the Alabama Supreme Court has observed that "[t]he key to this question is whether the injury was caused by some affirmative conduct of the landowner or by a condition of the premises." *Lilya*, 855 So.2d at 1053. Tellingly, *Lilya* was a case involving an invitee who was injured on the defendant's (Continued)

injury to the alleged negligence of the Sam's employee (Middleton) in bumping the television, rather than to a dangerous condition in the store.  *See* doc. 78, at 1-2 (plaintiff's theory of the case is "that Defendant's employee, while acting in the line and scope of his employment, negligently dislodged the television, which caused it to strike Mr. Costa").  So plaintiff's theory of recovery is not that defendant's premises were dangerous because televisions were stacked in a precarious or unsafe manner, but that Sam's is liable in respondeat superior because its employee negligently knocked into the television, causing it to fall on Costa.  That claim cannot reasonably be framed as one for injury caused by a condition of the premises.[3]  Accordingly,

---

premises.  If Sam's were correct that traditional negligence principles *per se* yield to the doctrine of premises liability whenever an invitee (as opposed to a licensee) is injured on a defendant's property, then the *Lilya* court surely would have started and ended its analysis there, instead of announcing that the "key" is whether the landowner's affirmative conduct or a condition of the premises caused the injury.  (Sure, *Lilya* ultimately applied premises liability principles in that case, but it did so not because of the plaintiff's invitee status, but because "it was the allegedly dangerous condition created by the inherent risks of the mechanical bull ride itself – not Gulf State Fair's conduct … – that directly caused Lilya's injury."  855 So.2d at 1054.  Had the defendant's conduct been the cause of the plaintiff's injury, then, the *Lilya* court plainly would have applied traditional negligence principles, without regard to her invitee status.)  What matters, then, is not the status of the plaintiff on the premises, but the cause of the injury.  *See Baldwin v. Gartman*, 604 So.2d 347, 349 (Ala. 1992) (where invitee was injured by falling slab on premises, opining that if the landowner had "bumped the slab and caused it to fall, his conduct, distinct from his status as landowner, could then be said to have caused the injury and could be evaluated by an ordinary negligence standard," notwithstanding plaintiff's invitee status).  Where the injury was caused by the affirmative act of the defendant, rather than the condition of the premises, the plaintiff's status as invitee/licensee/trespasser is of no consequence.  *See Orr*, 535 So.2d at 152 (where an injury is caused by a landowner's affirmative conduct, "the justifications for determining liability based upon the classification of the injured party … do not attach.").  Recently, the Alabama Court of Civil Appeals decided in *Powell* that general negligence (rather than premises liability) principles applied, based solely on the cause of the injury being an employee's negligent conduct rather than a dangerous condition in the warehouse.  *See Powell*, 60 So.3d at 925-26.  The *Powell* court never considered whether the plaintiff was an invitee or licensee; indeed, that distinction was irrelevant where, as in that case, liability was predicated on the defendant's conduct rather than the condition of the premises.  Defendant's invitee argument cannot be reconciled with the clear reasoning of these Alabama authorities, in terms of either methodology or result.

[3]   To be sure, defendant alleges in conclusory terms that "the accident clearly involved the condition of Sam's premises."  (Doc. 81, at 1.)  But that characterization says nothing about the <u>cause</u> of the accident.  From the outset of this action, plaintiff has consistently maintained that Sam's is liable because its employee negligently caused a television to fall on
(Continued)

under the clear Alabama precedent set forth above, general negligence principles govern this lawsuit.

### III. Conclusion.

For all of the foregoing reasons, the Court concludes that, as a matter of Alabama law, plaintiff's claims are governed by traditional negligence principles, and not by premises liability law. Accordingly, the jury will not be instructed that elements of duty include the existence of a hazardous or dangerous condition, or that such condition must not be open and obvious. Likewise, defendant's "open and obvious" affirmative defense as designated in the Joint Pretrial Document has no application to this case and the jury will not be instructed on same. *See, e.g., Powell*, 60 So.3d at 926 ("the 'open and obvious defect' defense applies to premises-liability claims. … [T]he defense has not been extended to negligence actions based on affirmative conduct committed by the alleged tortfeasor."). This action will not be tried as a premises liability case, but will rather be presented to the jury in the traditional negligence framework that plaintiff has touted from the outset of the proceedings.

DONE and ORDERED this 9th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Costa. This claim, as postured by plaintiff, does not concern injuries caused by a condition of the premises, but rather injuries caused by Middleton's allegedly negligent act of bumping the television. This is exactly the kind of circumstance in which the Alabama Supreme Court has explained that traditional negligence principles govern. *See Baldwin*, 604 So.2d at 349 (where plaintiff had been injured by a falling slab on Gartman's property, opining that "[h]ad Gartman … bumped the slab and caused it to fall, his conduct … could then be said to have caused the injury and could be evaluated by an ordinary negligence standard").